NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-7136

JEROND L. BELTON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

Jerond L. Belton, of Durham, North Carolina, pro se.

Brian S. Smith, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee. With him on the brief were Peter D. Keisler, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director. Of counsel on the brief were Michael J. Timinski, Deputy Assistant General Counsel, and Amanda R. Blackmon, Attorney, United States Department of Veterans Affairs, of Washington, DC.

Appealed from: United States Court of Appeals for Veterans Claims

Judge John J. Farley, III (Retired)

# United States Court of Appeals for the Federal Circuit

2007-7136

JEROND L. BELTON,

Claimant-Appellant,

v.

R. JAMES NICHOLSON, Secretary of Veterans Affairs,

Respondent-Appellee.

_____

DECIDED:  August 29, 2007

_____

Before NEWMAN and MOORE, <u>Circuit Judges</u>, and FARNAN, <u>District Judge</u>.[*]

PER CURIAM.

Jerond J. Belton appeals the decision of the Court of Appeals for Veterans Claims (Veterans Court) affirming a 2005 decision of the Board of Veterans' Appeals (Board) that upheld a Regional Office (RO) denial of service connection for Post Traumatic Stress Disorder (PTSD).  <u>Belton v. Nicholson</u>, No. 05-2893 (Vet. App. Oct. 27, 2006).  We <u>affirm</u> the Veterans Court decision with respect to Belton's statutory interpretation arguments and due process claims.

## BACKGROUND

Belton served on active duty from October 1965 to October 1968, including a tour of duty in Vietnam from April 1966 to March 1967.  Belton's service records do not

_____

[*]    Hon. Joseph J. Farnan, Jr., District Judge, United States District Court for the District of Delaware, sitting by designation.

report any combat related injuries or treatment for psychiatric problems and his entrance and severance examinations did not list complaints or diagnoses of psychological conditions. In 1992, Belton filed a claim for service connected benefits for PTSD and submitted a letter that detailed treatment at a VA center for PTSD related to his combat experience in Vietnam. He also submitted an additional letter stating that he was awarded the Combat Infantrymen Badge, the Purple Heart, and Bronze Star Medal for his Vietnam service. The VA subsequently investigated discrepancies between Belton's official service records and the information he provided in support of his claim. Unable to verify that Belton was subject to any stressor during military service or that he received awards indicative of combat experience, the RO denied service connection for PTSD in April 1994. Belton filed a Notice of Disagreement in 1995 and additional statements, including third-party witness letters, to corroborate his assertions regarding stressors he was exposed to during service. The RO conducted further investigation to verify that these third-party statements supported Belton's claim of involvement in combat after transfer to the 25th Infantry Division. After additional unsuccessful efforts to verify that Belton experienced combat and received combat-related awards, a diagnosis of anxiety was made and the RO issued a supplemental determination continuing its earlier denial of service connection. The Board upheld the RO's denial of service connection.[1] In affirming, the Board considered (among the evidence of record) an unsigned November 2001 report by a field examiner, as well as other field reports that detail numerous VA efforts to contact third parties for the purpose of verifying

---

[1] Evidently this case comes to us after a fourteen year appeal process, two SOCs, five SSOCs, three Board decisions, and two visits to the Veterans Court.

several submitted statements. The Veterans Court upheld the denial of service connection for PTSD.

ANALYSIS

We have exclusive jurisdiction to "review and decide any challenge to the validity of any statute or regulation or any interpretation thereof" by the Veterans Court "and to interpret constitutional and statutory provisions, to the extent presented and necessary to a decision." 38 U.S.C. § 7292(a), (c).

Belton asserts that the Board's consideration of the unsigned November 2001 field examiner's report is contrary to the requirements of 38 U.S.C. § 7104(a)[2] and prejudicially denied Belton "one review on appeal to the Secretary" and a review of "all evidence and material of record" under the statute. Specifically, Belton alleges that the Board accepted a secret, unsigned report over a signed May 2001 field examination report as the basis for its decision without allowing argument or a hearing. The decision of the Veterans Court does not explicitly interpret section 7104(a), but rather states that "The appellant relies exclusively on the lack of a signature by the field examiner; however, as noted by the Secretary, there is no regulatory requirement that the field examiner's report contain a signature, and the appellant has pointed to no other authority requiring as much." Although Belton argues that consideration of the unsigned report violates section 7104(a), no reasonable construction of this statute indicates that

---

[2]     38 U.S.C § 7104 provides:

(a) All questions in a matter which under section 511(a) of this title is subject to decision by the Secretary shall be subject to one review on appeal to the Secretary. Final decisions on such appeals shall be made by the Board. Decisions of the Board shall be based on the entire record in the proceeding and upon consideration of all evidence and material of record and applicable provisions of law and regulation.

2007-7136                          3

it requires that evidence considered by the Board bear a signature. Likewise, we know of no other statute or regulation that requires a VA field examiner's report be signed if it is to be considered by the Board in a service-connection proceeding.

Belton also asserts that initial Board consideration of the unsigned document violates his due process rights to "one review on appeal to the Secretary" by making a decision on evidence he describes as secretly submitted to the Board. The Veterans Court noted that, to the extent Belton's arguments regarding the Board's errors raised due process concerns in the altering of veteran records for appeal, these vague assertions of constitutional impropriety that lacked legal support were insufficient to make out a due process violation. Belton's due process arguments on appeal suffer the same deficiency.

For the foregoing reasons, we affirm.